Wheeler, J.
The jurisdiction of the County Court as a court of probates is conferred under the 15lh section of article IY of the Constitution, which *94 constitutes it an “inferior tribunal,” with a jurisdiction limited to certain enumerated subjects. These are : "The appointing of guardians, granting of letters testamentary and of administration, settling (he accounts of executors, administrators, anti guardians, and the transaction of business appertaining to estates.” The act of 1348 to organize County Courts (Hart. Dig., art. 308) confers on them the exercise of the powers here enumerated. By this act an administrator is not permitted to resign, and the court retains its jurisdiction and authority over him until he, shall have accounted for and delivered the estale to the party entitled to receive it. (Id., art. 1140.) But we are not aware of any provision which gives that court authority to call to account an administrator whoso office lias' terminated. Being a court whose powers are defined and limited by express law, its authority is restricted to the enumerated subjects. It cannot transcend the powers conferred by the Constituí ion and laws enacted in pursuance of it. The adjudication of matters in controversy between the estate- and the former administrator, whose office as such lias been finally determined, is not within the powers conferred. As respects the jurisdiction of the County Court, the present cannot be distinguished in principle from the case of Maynard, Administrator, v. Ingram, decided at the present term.
Note 29.—Newson v. Chrisman, 9 T., 113.
•Note 80.—Murphy v. Menard, 11 T., 673; Martel v. Martel 17 T., 391; Ponton v. Bellows, 22 T., 681; Johnson v. Hogan. 37 T., 77.
This proceeding was doubtless instituted under the belief that before suing the administrator and his sureties on their bond it was necessary to obtain a judgment of the Probate Court establishing the fact that he had wasted the goods oE the deceased or converted them to his own use, and the amount of his consequent liability in analogy to the writ of devastavit at common law. This, however, It is conceived, was not necessary; but the plaintiff might, have sited in the District Court upon the bond, in the first instance, and upon proper averments and proof the powers of that court are ample toailordlhe appropriate redress. The law discountenances circuity of action and multiplicity of suits, and when (lie entire matters in controversy can be litigated and settled in one suit it will not drive the parties to others. If the plaintiff must have sued, in die first instance, in the County Court to establish the defendant’s indebtedness, (lie adjudication of his rights might have been subjected to almost interminable delays. From the Comity Court an appeal may be taken to the District Court, where the trial is de novo, and the whole subject might be again contested (here. If successful in (hat court the plaintiff may be further delayed by an appeal (o the Supreme Court. If the judgment be (here affirmed lie must then resort to another suit in the District Court before lie can enforce his demand. The law does not require this circuity of action. (1 Tex. R., 605; 2 Id., 57.)
The powers of the District Court are better adapted to the investigation and just decision of controversies like the present than those of the County Court. And the section of Che Constitution we have quoted lias conferred a jurisdiction commensurate with that object. It declares that “the District Court shall have original and appellate jurisdiction and general control over the said inferior tribunals, and original jurisdiction and control over executors, administrators, guardians, and minors, under such regulations as may be prescribed by law.”
. If proceedings were required to be first instituted in the County Court they would be merely initiatory. Practically they would amount to no more than a process (o bring the case into the District Court. Such a requisition would tend needlessly'to protract litigation, and would he in contravention of the policy and spirit of tile law.
We are of opinion that the suit was improperly brought in the County Court.; that the court did not err in its judgment dismissing the case, and that it he affirmed.
Judgment affirmed.