GEORGE W. HARRIS AND OTHERS v. THOMAS C. GRAVES.

Under the second section of the Act of January 14, 1841, (Hartley's Dig., art. 1054,) an administrator appointed in 1837 upon the estate of a soldier of the Republic, could not, unless he was also the heir or next of kin to his intestate, sell the land of the deceased, even under the decree of the Probate Court, without the consent or approbation of the heirs evidenced by a document recorded by the Probate Judge before the granting of the decree.

Unless the document required by the enactment above referred to had been first recorded by the Probate Judge, the Probate Court had no jurisdiction to decree a sale of the lands of a deceased soldier of the Republic, to be made by an administrator who was not also the heir or next of kin to the deceased.

ERROR from Grimes. Tried below before the Hon. P. W. Gray.

The plaintiffs in error, as the next of kin and heirs of Jesse Harris, instituted this suit against the defendant in error, for the purpose of removing clouds from their title to one-third of a league of land, and to quiet them in the possession thereof.

37

The plaintiffs set forth in their petition that Jesse Harris, whose heirs they were, came to Texas with Fannin from the United States, as a volunteer soldier, and served under and fell with him at the massacre of Goliad in 1836; that in 1837 one Richard Rutledge obtained letters of administration on his estate from the Probate Court of the then county of Harrisburg, and at the November Term, 1844, of said court, procured an order of sale of the land in controversy, and under such order sold the land to one Brown at sixteen and two-thirds cents per acre, which sale was confirmed by the Probate Court at its June Term, 1845; that by several mesne conveyances this pretended title to the land was transmitted to the defendant on the 7th day of December, 1853. The petition assigned various reasons why the sale so made by the administrator should be deemed void, and among them that "the order of sale and the sale itself were made without the consent or approbation of your petitioners as the heirs of said Harris, and without any written document recorded by the said Probate Judge purporting to be evidence of such consent."

The other facts are sufficiently stated in the opinion. Verdict and judgment for the defendant; plaintiffs' motion for a new trial overruled.

*A. P. Wiley*, for the plaintiffs in error.

*F. H. Merriman*, for the defendant in error. The records of the Probate Court, introduced in evidence by the plaintiffs, do not, or did not at the time of the administrator's sale, show that Jesse Harris was a deceased soldier, or that the sale of the land in controversy was governed by any of the statutes in relation to deceased soldiers' estates. The land in controversy was the headright of the deceased; not a bounty claim for soldier's services, but granted to him under the tenth section of the general provisions of the constitution of the Republic of Texas, as a citizen. His estate was administered upon as a deceased citizen, and the third of a league, sold by order of court, was not any portion of the estate he had acquired as a soldier, but that portion he had acquired as a citizen.

The purchaser at the administrator's sale, could not, from any portion of the then record of the Probate Court, know the fact, that the land belonged to a deceased soldier's estate. If, as the authorities of this court decide, he was only required to look at the order of sale and decree of confirmation, neither these, nor the application for the sale showed that the land to be sold constituted any portion of a deceased soldier's estate, but on the other hand, that it was the estate of a deceased citizen; and the whole anterior record showed the same fact. Then from authority on the face of the record at the time of the sale the court had jurisdiction to order a sale of the property in controversy, without any of the preliminary requisites embraced in the acts in relation to deceased soldiers' estates, passed after administration and before the sale.

The defendant is an innocent purchaser, five conveyances removed from the administrator.

The purchaser at the administrator's sale was a purchaser without any notice, actual or constructive, that the land he was buying belonged to a deceased soldier's estate. A full and valuable consideration was paid by him, as appears from the statement of facts, and to sustain the title of the defendant at this late day, this court would, under the authority of its previous decisions, presume that all the requisites of the laws in force at the time were complied with literally by the administrator and Probate Court.

The fact that the deed of the administrator is dated one month previous to the time when he states in his return the land was sold, furnishes no evidence of fraud in the sale, or that the land was not in fact sold at the date of the deed.

BELL, J. We are of opinion that there is error in the judgment of the court below, for which it must be reversed. The court below instructed the jury as follows: "If you believe from the evidence that Rutledge acted at the request of Harris' father in becoming administrator, then it was not necessary to have the written consent of the other heirs in order to make a sale," &c. The administration of the estate of Jesse Harris was granted to Rutledge in 1837, therefore the 1st section of the Act of January

14th, 1841, (Hartley's Dig., art. 1053,) has no application to this case. But the second section of said Act (Hartley's Dig., art. 1054) is undoubtedly applicable to the facts of this case, as they are disclosed in the record. The second section of the Act is as follows: "That where administration has heretofore been granted on the estates of deceased soldiers, to other than the heirs or next of kin of such soldiers, it shall not be lawful for such administrator to sell the lands of such deceased, without the consent or approbation of the heirs of such deceased soldier; the document relied on as evidence of such consent of said heirs, to be recorded by the Probate Judge, he being satisfied of the genuineness of the same, before granting a decree of sale to the administrator." It appears from the testimony in this case that the father of Jesse Harris survived him. This being so, the father, by the law in force at the time of the death of Jesse Harris, was his heir. The administration, therefore, when granted to Rutledge, who appears to have been the brother-in-law of the deceased, was not granted to the heir or next of kin of the deceased. This being so, the administrator, by the plain terms of the statute, had no power to sell the lands of the deceased, without the consent or approbation of the heirs; and the court had no power to grant a valid decree of sale, unless the document relied on to show the consent or approbation of the heirs, was first recorded by the Probate Judge, he being satisfied of the genuineness of the same. There was, therefore, error in that part of the instruction of the court below to the jury, which has been quoted above. The precise facts of the case are not brought very clearly to light by the evidence, and we therefore deem it unnecessary to say anything upon the question of the right of the plaintiffs to maintain the suit as the heirs of Jesse Harris. It is not shown when the father died—indeed it is not distinctly shown that he is dead.

Because of the error to which we have alluded, the judgment is reversed and the cause remanded.

Reversed and remanded.