ALLAR CO. v. ROESER et al.    (No. 9150.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 1, 1919.)

1. EXECUTORS AND ADMINISTRATORS ⊗⇒122(2) —LEASE BY TEMPORARY ADMINISTRATORS BEFORE APPLICATION FOR APPOINTMENT VOID.

A lease made by lessors as temporary administrators, before their application for appointment under Vernon's Sayles' Ann. Civ. St. 1914, arts. 3297–3300, 3302, was filed, and which was not confirmed by the order of appointment, is void.

2. EXECUTORS AND ADMINISTRATORS ⊗⇒122(2) —TEMPORARY ADMINISTRATORS NOT AUTHORIZED TO MAKE LEASE.

Where an order for the temporary appointment of administrators under the authority of Vernon's Sayles' Ann. Civ. St. 1914, arts. 3297–3300, 3302, recited that the application was made so that an oil lease might be executed, but did not confer the power to execute the lease, the administrators did not have that power.

3. EXECUTORS AND ADMINISTRATORS ⊗⇒122(2) —ORDER OF RATIFICATION OF UNAUTHORIZED LEASE BY TEMPORARY ADMINISTRATORS NOT AIDED BY PRESUMPTION.

Where the order of probate attempted to confirm an oil lease executed by the temporary administrators, reciting that the administrators were authorized by the order of appointment to make the lease, which was contrary to the fact, no presumption can be indulged in to support the order of ratification, and the lease is void.

Appeal from District Court, Young County; William N. Bonner, Judge.

Suit by the Allar Company against W. H. Roeser and another. Judgment for defendants, and plaintiff appeals. Reversed, and judgment rendered for plaintiff.

Arnold & Arnold, of Graham, and Miller & Miller, of Ft. Worth, for appellant.

Marshall & King, of Graham, for appellees.

DUNKLIN, J. By deed dated March 29, 1917, J. S. McCan conveyed to H. B. Street and E. S. Graham all of the interest he had acquired as devisee under the will of his father, A. J. McCan, in 480 acres of land situated in Young county. By partition deed dated August 11, 1917, executed by Street and Graham, as assignees of J. S. McCan, and by

all the other devisees and parties interested in the estate of said decedent, full title to 148 acres out of the J. Pointevant survey No. 1 was conveyed to Street and Graham, who, in consideration therefor, relinquished to the other devisees all their interest in the remainder of the total of 480 acres owned by A. J. McCan at the date of his death. On August 28, 1917, Street and Graham conveyed title to that 148-acre tract to the Allar Company, who instituted this suit to cancel an oil and gas lease executed upon the land by J. C. Ramsey and J. S. McCan, as temporary administrators of the estate of A. J. McCan, dated March 26, 1917, and acknowledged by J. S. McCan on the same date and by J. C. Ramsey on March 28, 1917. That lease was made to W. H. Roeser, who, according to allegations in the pleadings, assigned and transferred the same to J. S. Cosden. The suit was instituted against Roeser and Cosden, and from a judgment in their favor plaintiff has appealed.

[1, 2] The lease to Roeser does not recite that it was made by the grantors as temporary administrators of the estate of A. J. McCan. But, according to allegations in the pleadings of both plaintiff and the defendants, such was true, and therefore we shall so construe it. But at the time it was executed the grantors had not been appointed temporary administrators. They did not file their application for such appointment until April 4, 1917, some seven or eight days after the lease was executed and delivered. That fact of itself was sufficient to render the lease null and void. It was void for the further reason that the order appointing the temporary administrators did not authorize its execution. While the order does recite that the written application was for the appointment of the applicants as temporary administrators, in order that they might lease the lands belonging to the estate for oil and gas purposes and to take care of the estate until the beginning of the July term of court, yet it did not confer upon them that power. It simply appointed them as temporary administrators, without any specifications with respect to their duties or authority under that appointment, save and except a recital to the effect that the appointment should last only until July 1, 1917. A further vice in the order was the specific provision that the appointees should be relieved of the duty to file a bond, with sureties thereon, although they were required to sign and file their personal obligation as such temporary administrators, the amount of which was not specified; and in keeping with that order the applicants did not file a bond with sureties, but they did file their written obligation in the sum of $100, conditioned for the faithful performance of their duties as temporary administrators, and it may be noted further that the order did not purport to ratify or approve the oil lease which had been executed already.

Following are articles of Vernon's Sayles' Texas Civil Statutes:

Art. 3297. "Whenever it may appear to the county judge that the interest of an estate requires the immediate appointment of an administrator, he shall, either in open court or in vacation, by writing under his hand and the seal of the court, attested by the clerk, appoint some suitable person temporary administrator with such limited powers as the circumstances of the case may require."

Art. 3298. "Such appointment may be made either upon written application or without such application, and without citation. It shall define the powers conferred, and before being delivered to the person appointed shall be recorded in the minutes of the court, and the clerk shall indorse thereon a certificate that it has been so recorded, and until such record and certificate are made such appointment shall not take effect."

Art. 3299. "Such appointment shall not be delivered or take effect until the person appointed has taken the oath and has given bond as required by law."

Art. 3300. "Such appointment shall cease to be in force on the day designated for taking up probate business at the first term of the court held next after the date thereof, unless at such term it be continued in force by an order entered upon the minutes in open court; and in no case shall such appointment continue in force beyond the day designated."

Art. 3302. "Temporary administrators shall have and exercise only such rights and powers with regard to the estate, or such portions thereof as may be committed to their charge, as are specifically and clearly expressed in the order of the court appointing them, and any acts performed by them as such administrators that are not so expressly authorized shall be void."

Many decisions might be cited holding null and void actions by temporary administrators which were in violation of those articles of the statutes, such as Willis v. Pinkard, 21 Tex. Civ. App. 423, 52 S. W. 626, and Dull v. Drake, 68 Tex. 205, 4 S. W. 364.

We find in the statement of facts an order of the county court of Young county, dated July 2, 1917, which was the second day after the expiration of the period for which the temporary administrators were appointed, but made during the regular July term of that court, probating the will of A. J. McCan, deceased. The same order contains a recital of the fact that on April 4th of the same year J. C. Ramsey and J. S. McCan were appointed temporary administrators for the purpose of executing an oil and gas lease upon the lands of the testator in favor of W. H. Roeser. Following that recital the order continues as follows:

"Whereas, the court at this time, in the absence of any objection raised to the probating of said will or any contest whatever, does hereby ratify and confirm the action of the said temporary administrators in making said lease, and declares same a valid and binding obligation according to tenor and effect thereof, the

said last will and testament of A. J. McCan, deceased, having been duly probated, the said temporary administrators are hereby discharged and the said executors in said mentioned will are hereby empowered and authorized to execute to the said W. H. Roeser, the lessee in said lease, any proper and necessary instrument in writing for the purpose of effecting the intention of said lease, and for a proper and legal adjustment of the mineral rights therein set out."

While that order of court was introduced in evidence, apparently without objection, yet it was not alleged nor referred to in the defendants' answer in any manner; in other words, defendants did not in their pleading rely upon that order as a valid and binding ratification of the oil lease in controversy. No evidence was introduced to show that the order so attempting to ratify the prior action of the temporary administrators was made upon any written application therefor; on the contrary, it affirmatively appears that it was made at the same time the will was probated, as a part of the order probating the will, and that the sole basis of it was the supposed prior order of the county judge, in vacation, authorizing and empowering the temporary administrators to execute the lease.

[3] In a well-considered opinion by Justice Hall in the case of Hill & Jahns v. Lofton, 165 S. W. 67, in which a writ of error was denied, a very clear discussion of the rules for determining when a judgment is void, and therefore subject to collateral attack, or voidable only, and hence not subject to such attack. In that opinion the following is said:

"It is further said that, although every presumption, when not contradicted by the recitals in the record itself, will be indulged in favor of the judgment of a court of general jurisdiction, when acting within the ordinary scope of its powers and proceedings over a subject-matter within its jurisdiction, yet this presumption arises only in respect to jurisdictional facts of which the record is silent. The regularity of the judgment of courts will not be presumed against the record; that is, if the record discloses the fact that the court, in the exercise of its jurisdiction over the subject-matter, has transcended the limits prescribed, then the presumption is repelled. McMaster v. Childress, 10 Tex. Civ. App. 92, 30 S. W. 843; Treadway v. Eastburn, 57 Tex. 209; McNally v. Haynes, 59 Tex. 583."

Applying the test so announced, no presumption can be indulged to support the action of the court in ratifying the lease previously made by the temporary administrators, which was void for the reasons already noted. The recital in the order last mentioned specifically shows that it is predicated solely upon the erroneous assumption that, by the prior order appointing the temporary administrators, those administrators had been authorized to execute the lease, and the lease had been executed in compliance with that order. The order of July 2d affirmatively shows that it was not based upon any statute authorizing any such a proceeding after an executor or administrator has been appointed and has qualified as such. Hence it affirmatively appears that the court was without jurisdiction to ratify the lease, independent of the question whether or not the defendants could invoke any rights under that order, in the absence of any pleadings as a basis for such claim.

For the reason indicated, the judgment of the trial court is reversed, and judgment here rendered in favor of appellant, canceling the oil lease as prayed for.