**MOYERS et al. v. CARTER et al.**
No. 11445.

Court of Civil Appeals of Texas. Dallas.
May 13, 1933.

Rehearing Denied June 17, 1933.

Hancock & Hancock, of Waxahachie, and Lynn B. Milam and Pat J. Howe, both of Dallas, for appellants.

A. R. Stout, of Austin, for appellees.

JONES, Chief Justice.

In a suit in the district court of Ellis county, appellees, Mrs. Eula Carter, in her own behalf and as next friend for her minor son, Joe N. Carter, recovered judgment against appellants, D. H. Moyers, E. W. Weatherford, J. H. Orr, and the Farmers' & Merchants' State Bank of Ferris, Tex., a banking corporation, in the sum of $1,344.42, with interest at the rate of 6 per cent. per annum from October 30, 1931. Appellants duly prosecuted an appeal to this court. The following are the necessary facts:

Joseph N. Carter, a resident of Ellis county, died intestate in the month of October, 1931, and appellees are, respectively, the surviving wife and minor son of deceased. The deceased's estate was insolvent and he was indebted to the Farmers' & Merchants' State

Bank of Ferris on six notes, principal and interest aggregating $2,299.92. There were also due the expenses for the last sickness and burial of deceased, amounting to a sum in excess of $500, and other existing debts. His entire estate consisted of an insurance policy issued to him by the Great Southern Life Insurance Company of Houston, Tex., for the amount of $2,000, which was charged with the payment of premium loans and one outstanding premium, leaving a net amount of $1,844.42. This policy was made payable to his estate.

A few days after deceased's death, D. H. Moyers, who was president of appellant Farmers' & Merchants' State Bank of Ferris, made application to the probate court of Ellis county for appointment as temporary administrator of deceased's estate. At the time the application was presented to the court, the appointment was refused, because of a failure to present to court a waiver by Mrs. Carter of her right to such appointment as the surviving wife of deceased. Word was immediately sent to Mrs. Carter, who was residing near Ferris, for her to come to Ferris and sign some papers, necessary to collect the insurance policy. She was driven to Ferris by an adult son, in company with her sister, but, because she was sick and in great distress on account of her husband's recent death, remained in the automobile. Her son went into the bank and was presented with the waiver prepared by Moyers to have his mother sign same. The evidence is in dispute as to what was said by Moyers to this son; but there is no dispute that, when he presented the paper to his mother, the son stated that it was necessary for her to sign such instrument in order to collect the insurance policy, and to pay the last sickness and burial expenses, and that she would receive what was legally coming to her, which she understood to be the remainder of the proceeds of the insurance policy. Mrs. Carter was unable to read the instrument, not having brought her spectacles, nor did she have it read to her, but relied on the representation of her son as to what Mr. Moyers said its import was, and how it would affect her rights.

Moyers was at once appointed temporary administrator, with the following designated powers: "To make and file proofs of death under the Great Southern Insurance Company's policy, No. 182790, upon the life of said deceased, and payable to his estate, as well as any and all other similar policies which may be hereinafter discovered, and to collect and receive all proceeds of said policy or policies." The order, entered October 26, 1931, also directed the clerk to "issue citation herein, as required by law, citing all persons interested in the welfare of said estate to appear at the next regular term of this court, and contest such appointment if they so

desire; that unless the same is contested at said next regular term of court, after service of citation, same shall be made permanent, provided that the court is of the opinion that a permanent administrator is necessary." No citation was issued, as directed in the order appointing the temporary administrator. The bond was fixed at $4,000 and duly executed by D. H. Moyers as principal, with J. H. Orr and W. E. Weatherford as sureties.

On October 30, 1931, there was filed by Farmers' & Merchants' State Bank of Ferris, a claim duly verified by the cashier, showing that deceased was indebted to said bank on six attached notes, the principal and interest aggregating the sum of $2,299.92. This claim alleged that the bank held the insurance policy as collateral security for the payment of said notes, but requested that the expenses of deceased's last illness and burial be allowed as a superior claim against the proceeds of said insurance policy, in a sum not to exceed $500. On October 30, 1931, the same day the claim was filed, the temporary administrator placed the following indorsement thereon: "The above claim, as presented to me on the 30th day of October, A. D. 1931, and after examination thereof, I hereby allow the same as a claim of the third class against said estate, on this the 30th day of October, A. D. 1931." A claim of the third class is a secured claim.

On November 19, 1931, the probate judge of Ellis county entered the following order in respect to this claim: "This claim having been allowed by D. H. Moyers, temporary administrator of the estate of Joseph N. Carter, deceased, and duly presented to the clerk and entered upon the claim docket of this court, for a period of ten days, and having been by me examined and found correct is hereby approved as a claim of the third class."

Claims for the last sickness, funeral, and hospital expenses of deceased, duly verified by the claimants, were presented, approved by the temporary administrator, and allowed by the probate judge, as claims of the first class. These claims aggregate $500, and were approved and allowed in November, 1931.

On January 18, 1932, D. H. Moyers filed his final report as temporary administrator of the estate of Joseph N. Carter, deceased. This report shows that there had been collected on the insurance policy the sum of $1,844.42; that the foregoing claims of the first class, aggregating $500, had been filed, approved, and duly ordered paid; that the claim of the Farmers' & Merchants' State Bank of Ferris, in the sum of $2,299.92, had been approved and ordered credited with the remainder of the proceeds of the insurance policy; that no fees were asked for the temporary administrator or his attorney; that there was no necessity for a permanent ad-

ministrator; and prayed that he be directed to apply the proceeds of the insurance policy in accordance with the claims approved and allowed by the court, and that he be finally discharged as temporary administrator, and the estate closed. On the same day, the court entered the order prayed for, discharged the temporary administrator and his bondsmen from future liability, decreed that there was no necessity for a permanent administrator, and decreed the estate closed.

The evidence is reasonably clear that neither Mrs. Carter nor her minor son knew of the proceedings, by means of which the entire estate of her deceased husband was thus dissipated; that during this time Mrs. Carter was waiting and expecting to receive the balance of the proceeds of the insurance policy, after the first-class claims had been paid, and finally, when informed by D. H. Moyers that there was nothing for her, she employed an attorney and instituted this suit in the district court of Ellis county against D. H. Moyers, individually, the two sureties on his bond, and against the Farmers' & Merchants' State Bank of Ferris, to recover the amount of the proceeds of the insurance policy, less the $500 paid as a claim of the first class.

Appellees allege in their petition, in effect, that they are the surviving widow and minor son of deceased, Joseph N. Carter, who died in October, 1931, leaving the proceeds of a $2,000 life insurance policy as the sole property of his estate; that shortly after the death of deceased, D. H. Moyers, with intent to defraud appellees, falsely represented to appellee Mrs. Eula Carter and an adult son that he desired to take out an administration on deceased's estate, for the purpose of collecting the insurance policy and paying hospital bills and funeral expenses, and that the balance of the proceeds of the insurance policy would be paid over to appellees for their use and benefit; that he would do all that he could do in this respect, and that no man in Ferris would like to see her get what was coming to her more than he, and that for him to act for her in this respect, it would be necessary for her to waive her right as administratrix in the premises; that, believing such representations to be true, and relying upon the promises made, she signed the instrument waiving her right, as deceased's surviving wife, to be appointed administratrix of his estate; that as such temporary administrator, Moyers collected the proceeds of said policy, paid the expenses of the last sickness and funeral of deceased, in the sum of $500, and, with the intent fraudulently to deprive appellees of their right for an allowance in lieu of exempt property, he fraudulently presented to and fraudulently caused to be approved by the probate court, a claim in the sum of $2,299.92 in favor of Farmers' & Merchants' State Bank of Ferris, fraudulently represented to the probate court that such claim was secured by a lien on the insurance policy, and thereby obtained from the court an approval of such claim as a third-class claim; that on such approval he paid the remainder of the estate on the claim of the Farmers' &. Merchants' State Bank of Ferris, in the sum of $1,344.42; that Joseph N. Carter, in his lifetime, had discharged said indebtedness by turning over to said bank all of the personal property on which the bank held a mortgage, and that at the time the claim was presented and allowed, no such indebtedness existed; that in truth and in fact, if any indebtedness existed, the insurance policy was not impressed with any character of lien to secure its payment; that appellees are entitled, as a matter of law, to have said $1,344.42 paid over to them for a year's allowance, in lieu of exempt property, including that of a homestead exemption; that neither of appellees owned any separate property, and because of this fraud practiced on appellees they have been damaged in the sum of $1,344.42; that the temporary administration was closed on January 18, 1932, and that D. H. Moyers had been guilty of devastavit, by reason of which the sureties on his administration bond are liable to appellees in the sum of $1,344.42, and that because this sum had been misapplied, misappropriated, and illegally and wrongfully paid, to the Farmers' & Merchants' State Bank of Ferris, the said bank was likewise liable for said sum.

Appellants filed a general demurrer, a special plea to the jurisdiction of the district court, allegations as to the history of the administration upon the estate of Joseph N. Carter, deceased, and allegations of the final order of the county court sitting in probate, directing D. H. Moyers, as temporary administrator, to pay to the Farmers' & Merchants' State Bank of Ferris the balance of the proceeds of the insurance policy after the payment of the first-class claims, in the amount of $500, and an allegation to the effect that Mrs. Carter knew, at the time of the bank's claim and of the payment of same, made no objection thereto, and was thereby estopped to deny the validity of the probate order. There was also filed a general denial. The court overruled appellants' general demurrer, and, after a hearing, overruled their pleas to the jurisdiction, tried the case on its merits, and rendered judgment in favor of appellees in the sum of $1,344.42, in response to a finding of the jury, to the effect that the Farmers' & Merchants' State Bank of Ferris had no lien to secure the indebtedness of deceased. The verdict of the jury is also to the effect that deceased had not in his lifetime paid the note indebtedness forming the basis of the bank's claim presented to, and approved by, D. H. Moyers, temporary administrator.

These two issues were the only issues submitted to the jury by the trial court, and, as they are both sustained by substantial evidence, this court finds that the insurance policy in question was not impressed by any lien in favor of said bank to secure its indebtedness; and further that, at the time of trial, the estate of deceased was indebted to said bank in the sum of $2,299.92, same being principal and interest of the six notes held by said bank.

The adverse rulings of the trial court on all of appellants' defensive matters are duly assigned as error and properly presented to this court in an able brief.

Appellees' suit is not an appeal from any order entered by the probate court of Ellis county, but is an original action brought in the district court, after deceased's entire estate had been expended by orders of the probate court and the temporary administration closed. The ground of jurisdiction, as shown by the petition, is fraud in securing the waiver of the right of Mrs. Carter to be appointed temporary administratrix; fraud in representing to the probate court that the claimant bank had a valid lien against the insurance policy, whose proceeds constituted deceased's entire estate; fraud in the interest of claimant bank, in not representing to the probate court that appellees were in destitute circumstances, entitled to a year's allowance, and to allowances in lieu of exempt property, and especially an allowance in lieu of a homestead, and that a permanent administration was necessary to protect these rights of appellees. Appellees also claim that the approval and allowance of claims and the orders thereon by the probate court are void because in excess of the designated powers given to the temporary administrator. This order only authorized the collection of the proceeds of the insurance policy.

That actions similar in character to the instant suit may be maintained on a guardian's or administrator's bond, in a district court of this state, when the principal in the bond has been guilty of fraud, without the necessity of first going to the county court with an action to reopen a closed administration, and there first seek relief from orders in a probate court fraudulently procured, can hardly be questioned at this time. Francis v. Northcote, 6 Tex. 185; Timmins v. Bonner & Long, 58 Tex. 554; Fisher v. Wood, 65 Tex. 199; Fort v. Fitts, 66 Tex. 593, 1 S. W. 563; Dowe v. Mixon (Tex. Civ. App.) 299 S. W. 346; White v. Gardner, 37 Tex. 407; Snow v. Mather, 52 Tex. 650; Johnston v. Stephens (Tex. Sup.) 49 S.W.(2d) 431; Key v. Key (Tex. Civ. App.) 167 S. W. 173; Kreis v. Kreis et al. (Tex. Civ. App.) 57 S.W.(2d) 1107; Ford v. Wheat et al. (Tex. Com. App.) 36 S.W.(2d) 712; Freeman on Judgments (5th Ed.) vol. 3, p. 1184. This suit is not a collateral attack upon a judgment of the probate court; it is a direct attack because of fraud in the procurement of such orders. See authorities above cited. All contentions of appellant in reference to the jurisdiction of the trial court are overruled.

Did the court have the power to give the relief granted in the judgment? The following statutes, mandatory in form, not only define the rights appellees are seeking, but are commands in this case to the probate court to grant such rights:

"Art. 3476. At the first regular term of the court after the original grant of letters testamentary or of administration, or at a subsequent term, thereafter within twelve months after the grant of such original letters, the court shall fix an allowance for the support of the widow and minor children of the deceased.

"Art. 3477. Such allowance shall be of an amount sufficient for the maintenance of such widow and minor children for one year from the time of the death of the testator or intestate. Such allowance shall be fixed with regard to the facts existing during the first year after such death."

"Art. 3479. When an allowance has been fixed, an order shall be entered stating the amount thereof, and directing the executor or administrator to pay the same in accordance with law.".

"Art. 3485. At the first term of the court after an inventory, appraisement and list of claims have been returned, the court shall by an order entered upon the minutes, set apart for the use and benefit of the widow and minor children and unmarried daughters remaining with the family of the deceased, all such property of the estate as may be exempt from execution or forced sale by the constitution and laws of the State with the exception of any exemption of one year's supply of provisions.

"Art. 3486. In case there should not be among the effects of the deceased all or any of the specific articles so exempted, the court shall make a reasonable allowance in lieu thereof, to be paid to such widow and children, or such of them as there may be, as hereinafter directed."

"Art. 3489. The allowances made in lieu of any of the exempted property shall be paid either in money out of the funds of the estate that may come to the hands of the executor or administrator, or in any property of the deceased that such widow or children if they be of lawful age, or their guardian if they be minors, may choose to take at the appraisement, or a part thereof, or both, as they may select."

Article 3490 provides that, in cases like the instant one, the allowance shall be paid to the mother for the use and benefit of herself and her minor children.

■ Section 8 of article 5 of our state Constitution defines the jurisdiction of the district court. In this section it is provided that: "The District Court shall have appellate jurisdiction and general control in probate matters, over the County Court established in each county, for appointing guardians, granting letters testamentary and of administration, probating wills, for settling the accounts of executors, administrators and guardians, and for the transaction of all business appertaining to estates; and original jurisdiction and general control over executors, administrators, guardians and minors under such regulations as may be prescribed by law. * * * "

A district court cannot be deprived of this constitutional jurisdiction by any legislative enactment.

■ The undisputed facts in this case show that Mrs. Carter is 46 years of age, uneducated, and untrained for the pursuit of any kind of remunerative work, other than that which may be described as common labor. The record shows that, when her husband died, she was deprived of every means of support that she had theretofore known, and that she had a small son dependent entirely upon her for his education, support, and maintenance. Her husband's estate was insolvent; there was no homestead or other exempt property to be set aside for her benefit, and there was no means by which she could support herself and minor child, except the meager income she might secure from the occasional employment as a seamstress. The proceeds of the insurance policy, amounting to $1,844.42, was made payable to deceased's estate, and hence liable for community debts. These debts, including expenses of the last illness and burial of deceased, amounted to a sum more than could be paid by the proceeds of such policy. The claims of the first class, amounting to $500, were paid and no contention is here made as to this allowance and payment. Under the findings of the jury, supported by substantial evidence, none of the unpaid claims had a lien on the balance of the proceeds of the insurance policy. The dire need of appellees appeals so strongly for the application of the statutes, directing the setting aside for their benefit the statutory allowances as to render the failure to do so a legal fraud upon their rights.

■■ The debt owed by decedent's estate to the Farmers' & Merchants' State Bank of Ferris is a just debt and, of course, ought to be paid; however, when it was contracted, the original payee, Ferris National Bank, was charged with notice of the statutes above quoted, vesting the very rights in appellees, on the death of deceased, that they are here attempting to secure, and when the Farmers' & Merchants' State Bank absorbed the Ferris National Bank, and became the owner of this indebtedness, it was charged with the same knowledge. The statutes, above quoted, make appellees' claim superior to the unsecured claim of the Farmers' & Merchants' State Bank, and make it a paramount duty of the probate court to allow such rights.

■ This case, as presented both by pleadings and evidence, shows a clear necessity for an administration in the probate court, in order to make the statutory allowances for an indigent surviving wife and minor child. The court correctly appointed a temporary administrator to collect and hold in his possession the proceeds of the insurance policy. The probate court, when it permitted the temporary administrator to go beyond this power, and thereby to dissipate the entire estate during the temporary administration, acted in violation of the terms of article 3379 of our probate laws, and hence the orders were void, as declared by such statute. Allar Co. v. Roeser (Tex. Civ. App.) 217 S. W. 442; Dull v. Drake, 68 Tex. 205, 4 S. W. 364; Cruse v. O'Gwin, 48 Tex. Civ. App. 48, 106 S. W. 757; Dodge v. Youngblood (Tex. Com. App.) 245 S. W. 225; Fenimore v. Youngs et al., 119 Tex. 159, 26 S.W.(2d) 195.

■■ D. H. Moyers, appointed temporary administrator, was president and chief executive officer of the claimant bank, and, while he owed a personal duty to the institution over whose financial destinies he presided, in his capacity as temporary administrator, he owed no such duty, but, on the contrary, he owed a duty to appellees to protect their statutory rights, because of the high fiduciary relation he thereby sustained to them. Because of such fiduciary relationship, he owed the clear duty to appellees to advise the probate court that their needs were such as to call for the statutory allowances sought in this suit, and that a permanent administration was necessary for this purpose, before the money was dissipated in the payment of a debt to his bank. We believe it should be stated, in justice to the temporary administrator, that the record shows he believed his bank had a lien on the proceeds of the insurance policy, but his belief in this respect does not affect his civil liability to appellees. By reason of the temporary administrator's failure in this respect, and by reason of his hasty affirmative action, unauthorized by his designated powers, in reference to the debt owed the bank, he and his bondsmen became liable on his bond for the loss to appellees by reason of the failure to discharge what now appears to have been a plain statutory duty.

Under the numerous authorities cited, the district court had jurisdiction of this suit on the administrator's bond, and it necessarily follows that the recovery of the $1,844.42 against appellants should be affirmed.

■ The more serious question is: Did the judge of the lower court make the proper dis-

position of the proceeds of such recovery? In other words, should the amount of the recovery be paid to appellees, for a year's allowance and in lieu of their exemptions, as directed by the judgment, or should it have been paid into court, subject to a new administration in the probate court of Ellis county? After a careful consideration of the authorities, the statutes, and the constitutional power of the district courts, above quoted, over probate courts, we have concluded that the trial court did not err in the judgment entered.

In the case of Francis v. Northcote, supra, in discussing a somewhat similar question, the court used this language: " * * * The law discountenances circuity of action and multiplicity of suits; and when the entire matters in controversy can be litigated and settled in one suit, it will not drive the parties to others. If the plaintiff must have sued, in the first instance, in the County Court to establish the defendant's indebtedness, the adjudication of his rights might have been subjected to almost interminable delays. From the County Court, an appeal may be taken to the District Court, where the trial is de novo; and the whole subject might be again contested there. If successful in that Court, the plaintiff may be further delayed by an appeal to the Supreme Court. If the judgment be there affirmed, he must then resort to another suit in the District Court, before he can enforce his demand. The law does not require this circuity of action." See, also, Martin v. Robinson, 67 Tex. 368, 3 S. W. 550, 557.

 The jurisdiction of a cause of action, in a court of general jurisdiction, carries with it the power to grant full and complete relief to the aggrieved litigant. In the instant case, full relief could only have been granted by the judgment rendered. We therefore are of opinion that the judgment of lower court should be affirmed, and it is so ordered.

Affirmed.