**Louis STEVENSON et al., Appellants,**

v.

**Betty Frances TICE et al., Appellees.**

**No. 5385.**

Court of Civil Appeals of Texas, Eastland.

Jan. 3, 1980.

Hal Potts, Blakenship, Potts, Aikman, Hagin & Stewart, Dallas, J. R. Black, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellants.

Stanley Wilson, Abilene, James A. Williams, Dallas, for appellees.

McCLOUD, Chief Justice.

Appellants Louis Stevenson, Claude Tice and Stanley Lee Stevenson, former wards, sued Appellees Betty Frances Tice, widow of their former guardian, and United States Fire Insurance Company, surety, in the 104th District Court of Taylor County, Texas. The court sustained appellees' plea in abatement, after a preliminary hearing, and dismissed the suit "with prejudice." We modify and, as modified, affirm.

Appellants' mother died April 2, 1967, and their stepfather, A. P. Tice, was appointed guardian of their persons and estates by the County Court of Taylor County, Texas. United States Fire Insurance Company executed a guardian's bond as surety for A. P. Tice. When each appellant attained his majority, the guardian presented his final account to the County Court. In each case the County Court entered an order which recited that the necessary citation had been issued, that the court had jurisdiction of the proceeding, and that the court had examined the account and heard all evidence in support thereof and in opposition thereto. The court then found the account to be true and correct and ordered the guardianship closed and released and discharged the guardian. After the death of A. P. Tice, appellants brought this suit which alleges that A. P. Tice did not faithfully perform his duties as guardian; that he converted guardianship funds; and that he used his personal relationship to defraud and overreach appellants.

Appellants complain that the trial court erred in sustaining appellees' plea in abatement. We disagree.

The substance of the plea is that the instant suit is an impermissible collateral

attack on the judgment of the County Court of Taylor County. We will not discuss the issue of whether a "plea in abatement" is the proper method of asserting "collateral attack" since all parties agree that such procedural defects, if any, have been waived. See *Mann v. Gonzales*, 23 Tex.Sup.Ct.J. 138, 593 S.W.2d 119 (December 22, 1979).

■ . A probate court is a court of general jurisdiction and its orders like those of the district court, are usually immune to collateral attack. *Dallas Joint Stock Land Bank of Dallas v. Forsyth*, 130 Tex. 563, 109 S.W.2d 1046 (1937); *Crawford v. McDonald*, 88 Tex. 626, 33 S.W.2d 325 (1895).

Appellees contend that *Bohlssen v. Bohlssen*, 56 S.W.2d 913 (Tex.Civ.App.—Galveston 1932, no writ) correctly states the applicable rule. We agree. The court in *Bohlssen* held:

> The judgment approving the final account and discharging the guardian and her sureties, being upon its face a valid judgment of a court of competent jurisdiction, cannot be collaterally attacked in any other court. Such judgment is only subject to a direct attack by motion for new trial, appeal therefrom, or bill of review brought in the court in which the judgment was rendered, under the equitable rules regulating such proceedings. *Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325; *Foster v. Christensen* (Tex.Civ. App.) 42 S.W.2d 460; *Robins v. Sandford* (Tex.Com.App.) 29 S.W.2d 969.

*Lipscomb v. Lofland*, 141 S.W.2d 983 (Tex. Civ.App.—Amarillo 1940, no writ), is in accord with this holding as is *Cheney v. Norton*, 181 S.W.2d 835 (Tex.Civ.App.—Dallas 1944, writ refused).

Appellants rely on *Moyers v. Carter*, 61 S.W.2d 1027 (Tex.Civ.App.—Dallas 1933, writ refused). There a banker was appointed temporary administrator of a decedent's estate. It was alleged that he fraudulently procured a waiver of rights from the widow. The estate was insolvent and the banker applied its only real asset, life insurance proceeds, to a debt due the bank. The court held:

> The probate court, when it permitted the temporary administrator to go beyond this power, and thereby to dissipate the entire estate during the temporary administration, acted in violation of the terms of article 3379 of our probate laws, and hence the orders were void, as declared by such statute.

The basis of the *Moyers* decision is that the order of the probate court was "void." See *Harrison v. Barngrover*, 72 S.W.2d 971, 975 (Tex.Civ.App.—Beaumont 1934, writ ref'd) cert. denied, 294 U.S. 731, 55 S.Ct. 639, 79 L.Ed. 1260 (1935).

There is language in *Moyers* which suggests that a suit against the guardian, and his surety, on the bond, in the district court alleging fraud in the procurement of a judgment makes the attack direct rather than collateral. This language is not consistent with *Cheney v. Norton*, supra, which holds that an attack brought in a different court is a collateral attack. See Hodges' Collateral Attacks on Judgments, 41 Texas L.Rev. 163–198, 499–544 (1962). The judgment under attack in *Moyers* was void. Appellants do not contend that the order of the County Court of Taylor County, Texas is void.

■ Appellants also rely on *Francis v. Northcote*, 6 Tex. 185 (1851), which held that a suit upon an administrator's bond may be brought in the court having jurisdiction of the subject matter without first suing in the County Court to determine the amount of liability. That case did not involve a final account, and collateral attack was not in issue. It is clear that once the probate court determines the liability of the guardian, a suit on the guardian's bond *for that amount* is properly brought in the court having jurisdiction of that amount. *Williamson v. Bowman*, 98 S.W.2d 449 (Tex. Civ.App.—Texarkana 1936, writ ref'd).

*Timmins v. Bonner*, 58 Tex. 554 (1883), cited by appellants, is not controlling. The court in *Timmins* held that the probate court, under the Constitution as it then existed, had no jurisdiction to consider an action upon a guardian's bond. See *English*

*v. Cobb,* 23 Tex.Sup.Ct.J. 114, 593 S.W.2d 674 (1979) as to the expanded jurisdiction of probate courts.

 *Jones v. Sun Oil Co.,* 137 Tex. 353, 153 S.W.2d 571 (1941), makes it clear that the proper remedy under these facts is by bill of review in the court rendering the prior decision.

Appellees move the court to modify the judgment to reflect dismissal without prejudice. We so modify.

We have considered all points of error. All are overruled.

The judgment of the trial court is affirmed as modified.

RALEIGH BROWN, J., not participating.