## P. J. WILLIS & BRO. v. W. T. PINKARD, ADMINISTRATOR.

Decided June 22, 1899.

**1. Temporary Administrator—Power—Claim Bond.**

An order appointing a temporary administrator and authorizing him merely to take charge of and care for property does not authorize him to bind the estate by filing a claimant's oath and bond on its behalf where property, not in his possession as such administrator, is levied on under an execution against himself. Rev. Stats., art. 1935.

**2. Same—Want of Authority Not Curable.**

Where an action is commenced by a temporary administrator without authority, such infirmity can not be cured by the subsequent act of the court conferring such authority in continuing the temporary administration.

**3. Same—Order Continuing Is Null, When.**

An order of the probate court continuing a temporary administration is a nullity where it is entered during vacation, instead of at a regular term as required by the statute.

APPEAL from Cherokee. Tried below before Hon. TOM C. DAVIS.

*S. P. Willson, French & French,* and *Thos. B. Greenwood & Son,* for appellants.

*Weeks & Fleager,* for appellee.

GILL, ASSOCIATE JUSTICE.—On the 26th day of September, 1898, an execution was issued upon a judgment rendered in the District Court of Galveston County, in a suit by P. J. Willis & Bro. v. Pinkard & Suggs. At the date of the rendition of the judgment P. J. Willis, R. S. Willis, and Joseph G. Goldthwaite composed the partnership of P. J. Willis & Bro., and the firm of Pinkard & Suggs was composed of W. T. Pinkard and L. G. Suggs. The date of this judgment was July 19, 1889, and the amount of the recovery was $3061.09, with 8 per cent interest and costs.

The execution was levied by the deputy sheriff of Cherokee County upon the stock of groceries in controversy on September 27, 1898, the goods being found in possession of W. T. Pinkard, one of the defendants in execution, and were taken into possession by said officer.

On the 28th of September, 1898, the probate court of Cherokee County, upon the application of W. T. Pinkard (filed on the same day), appointed him temporary administrator of the estate of E. W. Pinkard, deceased, who died on the 26th day of September, 1898. By the order appointing him the said W. T. Pinkard was empowered "to take charge of and care for and preserve the stock of goods, wares, and merchandise, belonging to said estate, until Wednesday of the first week of the October term of said court, the same being the 12th day of October, 1898." W. T. Pinkard qualified as such administrator on the 28th day of September, 1898, and on October 1st following presented to the officer who levied the execution a claimant's oath and bond for the trial of right of

property, the bond and oath being made in his capacity as temporary administrator, and the title to the property asserted to be in the estate of E. W. Pinkard; whereupon the officer delivered the goods to the claimant, and made return of the oath and bond as required by law, valuing the property at $903.34. Appellants' tender of issues was to the effect that the property at the date of the levy was owned by W. T. Pinkard, one of the defendants in execution, and praying judgment for the value thereof with interest and 10 per cent damages against the claimant and the sureties on his bond.

Appellees pleaded general denial, and specially that the property levied on belonged to the estate of E. W. Pinkard, deceased. That appellee was appointed temporary administrator of the estate of deceased with authority to take said estate into his possession, and that the court had continued such administration and authorized the defense of this suit. He also excepted that appellants had failed in their tender of issues to aver whether P. J. Willis & Bro. was a partnership or a corporation; and if a partnership, failed to set out the names of the individuals composing the firm, and that if a corporation the pleadings failed to aver whether it was a domestic corporation or foreign corporation; and if a foreign corporation there was no allegation of compliance with the law so as to authorize it to do business in this State.

Appellee alleged as a fact that P. J. Willis & Bro. was now a corporation organized under the laws of another State, and was without authority to operate in this State. That the old partnership of P. J. Willis & Bro., composed of P. J. Willis, R. S. Willis, and J. G. Goldthwaite, who procured the judgment against Pinkard & Suggs, had long since been dissolved by the death of P. J. and R. S. Willis, each of whom died prior to the issuance of the execution, and that the execution was void because not issued in compliance with the statute regulating the issuance of execution when one or more of the plaintiffs are dead, and that said judgment was rendered in favor of the three partners composing the firm, and the execution issued in accordance with the terms of its judgment.

Appellants raised by proper pleading the question of the power of the temporary administrator to maintain this action as such. W. T. Pinkard does not appear in his individual right.

The cause was tried by the court without a jury and judgment was rendered in favor of the claimant, the court having reserved all his rulings upon exceptions and preliminary questions until the entire case was submitted.

The proof was conflicting on the question of title, and we are not prepared to say that the evidence is insufficient to support the finding of the trial court that the title was in the estate of E. W. Pinkard. The evidence also showed that P. J. Willis & Bro. were at the time of the rendition of the judgment against Pinkard & Suggs a partnership as alleged by appellee, and that P. J. and R. S. Willis were dead at the date of the issuance of the execution in question. It was also shown that the

appellant P. J. Willis & Bro. was at the date of the issuance of the execution, and now is, a corporation.

The sheriff in his return valued the property at $903.34. The witness Pinkard testified that its value did not exceed $500, and the court did not find upon the question of value. The court found that the property was levied upon in the possession of W. T. Pinkard as an individual, and the correctness of that finding has not been questioned. It was also shown that the execution in question was in fact issued in the name of P. J. and R. S. Willis and J. G. Goldthwaite composing the firm of P. J. Willis & Bro.

It was further established that upon the expiration of the term of W. T. Pinkard as temporary administrator, on the 12th day of October, 1898, no permanent administrator was appointed, and that the order continuing him as temporary administrator and authorizing the defense of this suit was not entered until after the expiration of the term of the court, and was in the following language:

"On this day in vacation this cause came on to be heard and temporary administration is continued until January term of court. Administrator is authorized to sell goods in his hands at retail for cash, keeping strict account of sales, so that all moneys may be forthcoming at the proper time. Amended report filed this day in lieu of report at October term, 1898, is approved and administrator is hereby authorized to defend the suit for the trial involving the right of property of said estate now pending in the District Court of this county of P. J. Willis & Bro. v. Pinkard."

The court having found that the property when seized under execution was in the possession of W. T. Pinkard, one of the defendants in execution prior to his qualification as temporary administrator, properly held the burden of proof to be upon the claimant. This being true, and W. T. Pinkard individually not being a party to this controversy and raising no question either as to the validity of the execution or otherwise, and appellants (through the officer) being in actual possession at the time of the filing of claimant's oath and bond, it would appear that claimant's right to recover would depend, not on any defect in the character of such possession, or irregularity in the means by which it was obtained, but by establishing ownership and right of possession in the estate which he represented, and his right to this depended upon his power as administrator to assert by suit the right of the estate to property which had not, prior to the levy, been in his charge as such administrator. His power to act in the premises was properly challenged, and a decision of this question will dispose of this appeal.

The statute authorizing the appointment of temporary administrators prescribes the manner of their appointment, and provides "that they shall have and exercise only such rights and powers with regard to the estate   *   *   *   as are specifically and clearly expressed in the order of the court appointing them, and any acts performed by them as such administrators that are not so expressly authorized shall be void." Rev. Stats., art. 1935.

Our courts have uniformly given to this statute a strict construction not only because such construction is authorized by the very terms of the act itself, but because excellent reasons exist why the powers of a temporary administrator should not be extended beyond those clearly intended to be conferred by the court appointing him. The appointment may be made upon the court's own motion withiout notice, and before the estate and the condition of it has been otherwise brought within the cognizance of the probate judge. No party at interest has the opportunity to protest, whatever objection might be urged to the character or capacity of the individual appointed. For these reasons, doubtless, it is further provided "that such appointment shall cease to be of force on the day designated for taking up probate business at the first term of the court held next after the date thereof, unless at such time it be continued in force by an order entered upon the minutes in open court, and in no case shall such appointment continue in force beyond the day designated." Rev. Stats., art. 1933; Dull v. Drake, 68 Texas, 205.

The contention, that the language of the order conferring the powers in this instance necessarily include the power to sue for possession, we do not consider tenable. The words "take charge of and care for" can not be held to confer the power to involve the estate in litigation and liability for costs and attorneys' fees. Nothing short of the emergency contemplated by the statute would authorize the court to appoint a temporary administrator in any case, and it can not be successfully contended that the powers of a temporary administrator should be dangerously extended in the absence of all emergency. In this case the emergency, if any, arose before W. T. Pinkard's appointment, and may be presumed to have been brought to the knowledge of the probate judge, and if it had been the purpose of the judge to confer the power to sue for this property, the power to bind the estate in a claimant's bond, the power to incur liability for costs and attorneys' fees, the power to exercise the discretion of electing whether he would sue the officer for conversion or pursue the statutory remedy of trial of right of property, we incline to the belief that such unusual powers would have been conferred in unmistakable terms, and would not have been left to inference and strained construction.

In Brewing Company v. La Rose, 20 Texas Civil Appeals, 575, opinion by Justice Williams, it was held that the powers conferred on a temporary administrator by an order empowering him to "take charge and possession of the estate and all its property and effects, to collect all debts and outstandings owing to it, and to safely care for, keep, and preserve same," did not include the power to sue for damages for the conversion of personal property belonging to the estate.

The order in the case before us is much more restricted in its terms. If the title to the property in controversy was in fact in the estate of E. W. Pinkard, one of the remedies, and perhaps the more efficacious one, was by suit for damages for conversion. In this case the administrator elected to pursue the statutory remedy. A right to sue at all would have carried with it the right to select the best course to achieve

his purpose. The La Rose case above quoted holds that a temporary administrator, with broader powers than were conferred on Pinkard, had not the power to maintain a suit for damages for conversion. We have found no reason to doubt the correctness of that holding, and can not escape the conclusion which logically follows, that Pinkard in instituting this proceeding acted beyond the powers conferred in the order appointing him.

It is contended, however, that the order of the court undertaking to continue the temporary administration was valid and expressly conferred the power asserted. We can not accede to this contention.

If the suit was improperly instituted for want of power in Pinkard to proceed, in the capacity in which he sued, no subsequent act of the probate judge could cure the infirmity. We suggest the additional reason that by the express terms of the statute an order continuing a temporary administration must be made in term time and entered upon the minutes in open court. The order in question was made in vacation and long after the powers of Pinkard as temporary administrator had terminated by operation of law, and is therefore a nullity.

Appellees seek to sustain the judgment of the trial court notwithstanding errors assigned, by undertaking on cross-assignment to bring to the court's attention errors alleged to have been committed against appellees, especially as to irregularities in the issuance of the execution. These cross-assignments are not prepared in compliance with the rules and can not be considered by this court, but if properly presented could not affect the result. Hall v. Garvin, 83 Texas, 300. Evidence that P. J. Willis & Bro. is a corporation and that the old firm of P. J. Willis & Bro. had been dissolved by death, was heard by the trial court as indicated in the statement of the facts in this opinion. Such proof was heard on appellee's plea in abatement, but because of the order in which such plea was filed can not be considered here.

Our decision of the question discussed herein renders it unnecessary to consider any other questions urged in the briefs, since it necessarily results in a final disposition of the case as to appellee's right to recover in the capacity in which he sues. If the record furnished a sufficient basis to enable this court to assume what was the value of the property at the date of the institution of this action, the proper judgment in this case would be finally rendered now. But the sheriff's valuation is only prima facie evidence of their true value, and there is some conflict in the evidence as to what they were worth. The question is left to be determined when it arises as to what shall be the amount of the judgment to be rendered in favor of appellants.

This cause is reversed and remanded upon a ground which finally disposes of the case as far as claimant's right to recover is concerned. The estate of E. W. Pinkard was never in fact a party to this suit, and any rights which such estate may have are unaffected by the judgment.

Appellant is entitled to a judgment against the claimant and his sureties for the value of the goods and legal interest thereon from the date

of the bond, together with damages in the terms of the statute, whenever such value shall be properly ascertained. Rev. Stats., arts. 5304, 5307; Dixon v. Zadek, 59 Texas, 529.

*Reversed and remanded.*