STEWART et al. v. POINBEOUF et al.
(No. 7084.)

(Court of Civil Appeals of Texas. Galveston. Feb. 14, 1918.)

1. COURTS ☞207(3)—APPOINTMENT OF TEMPORARY ADMINISTRATRIX — JURISDICTION OF COUNTY COURT—ENCROACHMENT BY COURT OF CIVIL APPEALS—INJUNCTION TO PROTECT ASSETS OF ESTATE.

There being no warrant, in orders of county court which appointed temporary administratrix of testatrix's estate, for the administratrix's acts in removing and selling timber on lands of the estate, pending appeal by contestants of probate of will, temporary administratrix, proponent in probate proceedings, will not be heard to say she was acting as temporary administratrix in cutting and selling the timber, so that for the Court of Civil Appeals to restrain her unauthorized depredation on the property, the subject-matter of the appeal in the probate proceedings pending in the court cannot be regarded as an encroachment on the jurisdiction of the county court to administer the estates of deceased persons.

2. EXECUTORS AND ADMINISTRATORS ☞35(1) — REMOVAL — CONVERSION OF TESTATRIX'S PROPERTY.

A temporary administratrix's conversion of testatrix's property is ground for her removal.

Appeal from District Court, Harris County; John A. Read, Judge.

Proceeding by Elizabeth Poinbeouf and another to probate the last will and testament of Mrs. Laura Stewart Hardy, deceased, contested by E. B. Stewart and others, wherein contestants, pending their appeal to the Court of Civil Appeals, questions having been certified to the Supreme Court, apply to the Court of Civil Appeals for injunction. Injunction ordered to issue.

J. Llewellyn, C. A. Toler, and W. N. Foster, all of Conroe, for appellants. Fisher Campbell & Amerman and Moody & Boyles, all of Houston, for appellees.

PLEASANTS, C. J. This litigation was begun in the county court of Harris county upon the application of appellee Elizabeth Poinbeouf, joined pro forma by her husband, to probate an instrument alleged to have been the last will and testament of Mrs. Laura Stewart Hardy, deceased; the said Laura Stewart Hardy having left a large estate situated in various counties in the state of Texas, but principally in the counties of Harris and Montgomery, and consisting largely of real property. Appellants herein contested the application to probate said will, urging, first, certain pleas in abatement and to the jurisdiction of the courts of Harris county, upon the ground that administration upon said estate had first been started in Montgomery county, and that therefore the courts of Montgomery county had prior jurisdiction to hear and determine said matters; and, second, replying to the merits, urging that the decedent had made another will subsequent in date to the will offered in probate, whereby she had revoked the will offered for probate, and which subsequent will she had later destroyed, and that therefore she had died intestate. The appellee Elizabeth Poinbeouf claims the principal portion of said estate under the will offered for probate, and the contestants, except appellant J. W. Hardy, who claims as the surviving husband of decedent, claim an interest in said estate as blood relatives and legal heirs of said decedent.

Upon the consideration of this appeal at the last term of this court, being unable to reach any satisfactory conclusion upon the questions presented by appellants' plea in abatement attacking the jurisdiction of the trial court, we certified the questions to the Supreme Court, and the cause is now pending here awaiting the answers of the Supreme Court to the certified questions.

Appellants have filed in this court an application for injunction, in which they show that after the appeal herein was perfected, about 15 months ago, appellee Elizabeth Poinbeouf began cutting and removing the trees and timber upon two tracts of land of 320 acres and 161 acres, respectively, on the J. S. Collins survey in Harris county, which said lands belong to the estate of Laura Stewart Hardy, and the titles to which are involved in this litigation, and has sold said timber so cut and received, and converted the proceeds thereof to her own use and benefit. The application then alleges that appellants protested to said appellee and her attorneys against the cutting, removing, and sale of said timber, and secured a promise from her through one of her attorneys that she would desist from further depredations upon said lands, but that in violation of her promise to appellants and to her attorney—

"said appellee is continuing to cut and remove and dispose of said timber, and appellants have reason to believe, and do believe, and fear that unless restrained from so doing by writ of injunction from this honorable court, that she will continue to depredate upon said property, and will cut and remove all of the timber therefrom, and convert the proceeds thereof to her own use and benefit. Appellants represent unto the court: That the timber and trees which were upon said land constituted a large portion of the value thereof, and were of great value to said estate, and the trees and timber which still remain uncut upon said tract of land, as well as the trees and timber upon the other tracts of land belonging to said estate, constitute a very valuable asset of said estate, and are of great value. That the appellee Elizabeth Poinbeouf is wholly insolvent, and if said estate should be ultimately awarded to appellants, it will be impossible for them to collect any judgment which might be recovered by them against said appellee for damages by reason of the cutting and removal of said timber. That by reason of the wanton and willful depredation upon said tract of land above described, and the cutting and removal of the timber therefrom, and conversion of the proceeds thereof, by the said appellee, and by virtue of her fraudulent deception of appellants and their said attorneys, by said appellee, and the willful breach of the promise and assurances made to appellants' attorneys, and to her own attorneys, appellants

have reason to fear, and do fear, that if not deterred by writ of injunction from this honorable court, said appellee may and will depredate upon other property of said estate, to which she asserts the same right and interest as the tract of land last above mentioned, and that she may and will cut and remove the timber from other tracts of land belonging to said estate, and sell and dispose of the same, and convert the proceeds to her own use and benefit. That the act of the said appellee in depredating upon the property of said estate, and in converting the same to her own use and benefit, has caused, and will cause, irreparable damage and injury to appellants, and constitutes, and will constitute, an interference with the jurisdiction of this honorable court in this cause."

"Premises considered, appellants herein pray that in order to protect the jurisdiction of this court, and to protect and preserve the corpus of said estate, pending the determination of the litigation involved herein, and to protect the rights of appellants herein, this honorable court will immediately issue its most gracious writ of injunction to said appellee Elizabeth Poinbeouf restraining her from further depredating upon any and all of the property of said estate, and from cutting and removing any of the timber from each and all of the tracts and parcels of land belonging to said estate, and from disposing of any of the property of said estate, and from converting any of the property of said estate, or the proceeds thereof, to her own use and benefit, and for such other relief, and such other writs hereunder, as appellants may be entitled in the premises."

This application was verified by the affidavit of appellants' attorneys.

Upon being cited to show cause why the temporary injunction should not be granted as prayed for, said appellee, by her attorneys, has filed the following:

"To the Honorable Court of Civil Appeals: Now comes Elizabeth Poinbeouf, and in compliance with the order of this court, heretofore made and entered herein, shows the following cause why an injunction should not be granted or continued in force, restraining her in the terms of said order, viz.: She shows to the court that she has heretofore been, by the county court of Harris county, Tex., appointed temporary administratrix of the estate of Laura Stewart Hardy, deceased, and has taken the oath and given the bond, as required by law; and on September 19, 1914, an order was duly made and entered by said county court of Harris county, Tex., continuing said letters of temporary administration in force until the termination of the contest herein, as will appear from a certified copy of said order, hereto attached, and prayed to be considered a part of this answer. She further shows to the court that under and by virtue of her appointment and qualification as such temporary administratrix she is in possession and control, and entitled to the possession, control, and management of the property described in appellants' petition for injunction, and that for the acts done by her in the management and control of said property she is answerable in the first instance only to the county court of Harris county, Tex., from the orders and decrees of which court, appellants are, by law, allowed the right of appeal to the district court and ultimately to this court; but that this court has no original jurisdiction to inquire into the acts done by said temporary administratrix in the control and management of said property. Wherefore she prays that the restraining order heretofore made herein be no longer continued in force, and that the injunction prayed for by appellants be denied."

She makes no denial of any of the facts alleged in the application. We do not think her plea to the jurisdiction of this court can be sustained.

In converting the timber upon the land in controversy to her own use Mrs. Poinbeouf is not acting in the capacity of temporary administratrix of the estate. She was appointed such administratrix by the county court of Harris county under the statute authorizing the appointment of temporary administrators to protect and preserve the property of estates pending a contest of the will of the decedent. The order of the county court appointing her temporary administratrix directs:

"That she take charge of all lands of the estate of Laura Stewart Hardy, deceased, with power to look after and control the same, to keep up the fences thereon, and to fence and protect the grave of said Laura Stewart Hardy. To lease pasturage lands for short periods, and to collect rents therefor, and to collect any unpaid rents now due, with power to remove stock from such pasturage lands or to distrain them for unpaid rent. To take into her possession and control any and all personal property belonging to said estate, including any money which may be in bank."

Article 3302, Vernon's Sayles' Civil Statutes, provides that temporary administrators shall have and exercise only such powers with regard to the estate as are "specifically and clearly expressed" in the orders of the court appointing such administrators, and that any act not so "expressly authorized shall be void." There is no room for construction in the language of this statute, and it has been uniformly rigidly enforced by our courts. Willis & Bro. v. Pinkard, 21 Tex. Civ. App. 423, 52 S. W. 626.

[1, 2] There being no semblance of warrant in any of the orders of the county court for Mrs. Poinbeouf's acts in removing and selling the timber on the lands of the estate, she will not be heard to say she was acting in so doing in her capacity as temporary administratrix of the estate. This being true, it cannot be regarded as any encroachment upon the jurisdiction of the county court to administer the estate of deceased persons for this court to restrain her unauthorized depredation upon property which is the subject-matter of the appeal now pending in this court. Her conversion of the property would be ground for her removal as temporary administratrix, and in such proceeding the county court might have enjoined further depredation upon the property, but that such proceeding might have been instituted in the county court does not deprive this court of its jurisdiction to protect and preserve in its entirety the subject-matter of the suit of which this court has acquired jurisdiction by appeal. The right of an appellate court to protect and preserve the status quo of property which is the subject-matter of a suit of which the appellate court has acquired jurisdiction by appeal, in a case in which a supersedeas bond has been filed or in which no such bond is required to prevent the execution of the judgment of the

trial court, is not questioned by appellee, and is, we think, firmly established by the decisions. Railway Co. v. Hornberger, 141 S. W. 311. We think the opinion in the case mentioned and the authorities therein cited settle this question.

We are of opinion that the injunction should be issued and it has been so ordered.