## MOORE v. McLENNAN COUNTY et al.
## (No. 263.)

(Court of Civil Appeals of Texas. Waco.
April 22, 1925.)

**1. Courts ⬿17—Jurisdiction over property attaches at institution of suit.**

In suit involving claim of title to specific real estate and right to possession thereof, jurisdiction of court over property attaches at institution of suit.

**2. Appeal and error ⬿436—Court of Civil Appeals has complete jurisdiction over subject-matter of suit on filing appeal bond.**

On perfection of an appeal from judgment of district court by filing cost bond, complete jurisdiction of res or subject-matter of suit vests in Court of Civil Appeals.

**3. Appeal and error ⬿456—Court of Appeals may issue injunction on original application after appeal conferring jurisdiction over subject-matter.**

In suit involving claim of title to specific real estate and right to possession where appeal has been perfected, Court of Civil Appeals, having become vested with complete jurisdiction over subject-matter of suit, *held*, to have authority to issue writs of injunction necessary to enforce jurisdiction, under Rev. St. art. 1592.

**4. Appeal and error ⬿442—Ex parte order of Commissioners' Court to remove improvements from land and open it for travel unauthorized.**

Where county had obtained judgment vesting title to land therein for public road, from which judgment landowner had appealed, an ex parte order of commissioners' court directing sheriff to tear down fences and barns on land in controversy and open road, without process on judgment, *held* not authorized, under Const. art. 5, § 18, in view of remedy securing public use of highways, provided by Pen. Code, arts. 812, 824, and Code Cr. Proc. arts. 154, 155, 156, 158.

**5. Counties ⬿47—Commissioners' courts can exercise powers conferred by Constitution and laws only.**

Commissioners' courts are creatures of Constitution and laws of state, and can exercise only such powers as are conferred thereby.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Suit by Joe Moore against McLennan County and others. Judgment for defendants, and plaintiff appeals. On original application by plaintiff for injunction pending appeal. Injunction granted.

Nat Harris, of Waco, for appellant.
C. S. Farmer and W. J. Holt, both of Waco, for appellees.

### Statement.

GALLAGHER, C. J. This is an application by Joe Moore, hereinafter called relator, for an original injunction against McLennan county, the several members of its commissioners' court in their official capacity and the sheriff of said county in such capacity, all of whom are hereinafter called respondents. The issuance of the injunction applied for is alleged to be necessary to protect the jurisdiction of this court in the matter of an appeal thereto from a judgment of the district court of McLennan county, Tex., in a certain cause entitled Joe Moore v. McLennan County et al. On December 19, 1924, relator filed a suit in said court against respondents, alleging that he was the owner in fee simple of a certain tract of land, that he was in possession thereof, using and enjoying the same as a homestead, and that said respondents, as officials of said county, were threatening to dispossess him of a part of such land and remove therefrom his fences, barns, etc., and to appropriate said part of said land for a public road, and that, unless restrained, said parties would carry said threat into execution and thereby cause him irreparable damage. At the time of filing said suit relator obtained a temporary injunction against all of respondents, restraining them from doing the things so complained of. On February 13, 1925, said cause was tried before a jury on special issues. The court entered judgment on the verdict of the jury, divesting relator of the title to the strip of land in controversy and vesting the title thereto in McLennan county, and declared the same to be a public road. The court also dissolved the temporary injunction theretofore granted. Such judgment expressly provided for the issuance of process to enforce the same.

On the 16th day of April, 1925, relator perfected an appeal to this court by giving an appeal bond, conditioned for the payment of costs only. After such appeal was perfected, but before the record was filed in this court, relator, on April 22, 1925, presented his application to this court for an injunction, setting out the facts substantially as above stated, and alleging further that on April 18, 1925, the commissioners' court of said county entered an order directing the sheriff to tear down the fences and barns of relator on said land, notwithstanding the filing of an appeal bond and the attaching of the jurisdiction of this court, and that, unless restrained, said parties would go on to said strip of land and remove his fences, barns, etc., to his irreparable damage. He prayed that a temporary restraining order be issued by this court against the respondents, restraining them from going upon said land or molesting his fences, barns, etc., thereon. Said application was set down for hearing by this court for April 13, 1925, and, pending consideration of said application, a restraining order was granted by this court in terms as prayed for. Said application having been submitted in open court on both oral and

written argument on May. 14, 1925, it now becomes our duty to make disposition of the same.

### Opinion.

The determination of relator's right to the injunction sought in this case involves two questions of law. The first is whether this court has jurisdiction to issue such writ, and the second is whether the threatened acts sought to be enjoined would, if committed, amount in law to an injurious trespass upon the property constituting the subject-matter of this suit.

[1-3] The authority conferred upon this court by statute to grant writs of injunction is confined to cases in which such writ is necessary to enforce its jurisdiction. R. S art. 1592. The suit brought by relator against respondents in the district court involved a claim of title to specific real estate and the right to the possession thereof. Such suit was therefore a proceeding in rem and the jurisdiction of that court over said property, as the subject-matter of such suit, attached at once. Hardy v. Beaty, 84 Tex. 562, 568, 569, 19 S. W. 778, 31 Am. St. Rep. 80; Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 81, 82, 67 L. Ed. 226, 24 A. L. R. 1077; Lewis v. Pitts, 273 S. W. 473, recently decided by this court, and authorities there cited. When an appeal from the judgment of the district court was perfected by filing an appeal bond, the jurisdiction over the res or subject-matter of that suit vested in this court. Wells v. Littlefield, 62 Tex. 28, 30; Dillard v. Wilson (Tex. Civ. App.) 137 S. W. 152; Scott v. Fields (Tex. Civ. App.) 170 S. W. 139; McLane v. Kirby & Smith, 54 Tex. Civ. App. 113, 116 S. W. 118, 120; Gordon v. Rhodes & Daniels (Tex. Civ. App.) 104 S. W. 786; Cooney v. Isaacks (Tex. Civ. App.) 173 S. W. 901, 904, par. 11; Ford v. State (Tex. Civ. App.) 209 S. W. 490, 491; Houston, B. & T. Ry. Co. v. Hornberger (Tex. Civ. App.) 141 S. W. 311, 312, 313; Stewart v. Poinbeouf (Tex. Civ. App.) 201 S. W. 1025, 1026, 1027; G., C. & S. F. Ry. Co. v. F. W. & N. O. Ry. Co., 68 Tex. 98, 103, 2 S. W. 199, 3 S. W. 564. When such jurisdiction has attached by reason of the filing of a supersedeas appeal bond, the appellate court is said to obtain complete jurisdiction of the res or subject-matter of the suit, and to have become invested with power and jurisdiction to preserve the status quo and maintain and protect the possession of the property which forms the subject-matter of the suit as it existed at the time the appeal was taken.

In such cases, it is held that the issuance of an injunction to effect such purpose is a proper exercise of the authority conferred by said article of the statutes. Houston, B. & T. Ry. Co. v. Hornberger, 141 S. W. 311, supra; Id., 106 Tex. 104, 106, 157 S. W. 744. The fact that appeal was perfected by supersedeas bond is stressed in the case last cited,

doubtless, because the effort to dispossess the appellant in that case was made by process issued on the judgment appealed from, the execution of which process, but for the supersedeas bond, would have been lawful. The fact that a supersedeas bond had been given is referred to in G., C. & S. F. Railway v. F. W. & N. O. Railway, supra, in connection with the preservation and continuation of a temporary injunction, which was, by the terms of the judgment appealed from, dissolved thereby (page 105 [2 S. W. 199]), and not in connection with the declaration that jurisdiction over the case attached when the appeal was perfected and that the jurisdiction of the trial court ceased with the adjournment of the term (page 103 [2 S. W. 199]).

Many of the cases cited above declare that the jurisdiction of the appellate court over the subject-matter of a suit attaches when an appeal is perfected, and nowhere limit such declaration to cases where an appeal was perfected by a supersedeas bond. Save as to the right of the winning party to enforce the judgment of the trial court by proper process issued thereon, we can see no distinction affecting the jurisdiction of the appellate court over the subject-matter of the suit between an appeal perfected by a cost bond and one perfected by a supersedeas bond. We think this court has jurisdiction to prevent by injunction an unlawful trespass upon the res or subject-matter of the suit in which the judgment appealed from was rendered during the pendency of such appeal. See authorities above cited.

[4] The action of the commissioners' court in entering an order directing the sheriff to tear down the fences and barns of the relator situated on the land in controversy, without process on said judgment, and without authority for his action other than such order, was evidently based on the theory that the commissioners' court had a right to remove any and all obstructions from public roads by summary action. The Constitution of this state (article 5, § 18) provides that commissioners' courts shall exercise such powers and jurisdiction over all county business as is conferred by such Constitution and the laws of the state. Neither the Constitution nor the statutes anywhere confer authority upon commissioners' courts to enter upon lands claimed by a citizen and in his possession, tear down his fences and other improvements and open his premises, or a part thereof, to travel by the public on the ground that the premises so invaded had at some prior time been declared to be a public road, and had been used as such by the public. We need not review the question of the authority conferred by common law with reference to summary abatement of obstructions in public roads, as public nuisances, by any person suffering special injury therefrom. Such provisions are inapplicable in this case.

[5] The commissioners' courts of this state are creatures of its Constitution and laws and can exercise only such powers as are conferred thereby. Respondents have cited no civil statute conferring upon commissioners' courts, either expressly or by necessary implication, the power of abatement attempted to be exercised in this case. Neither have we been able to discover, any such statute after diligent search. Provisions have been made in the Penal Code and Code of Criminal Procedure for protecting the public in the use of public highways.and for removing obstructions therefrom. Chapter 1 of title 13 of the Penal Code deals with the matter of obstructing public roads and the improper use of the same. Article 812 of said chapter makes the obstruction of a public road or highway a misdemeanor, punishable by fine of not less than $50 or more than $500. Article 824 of the same chapter merely provides that nothing therein contained shall prevent commissioners' courts from adopting such regulations as they may deem proper relative to the removal of obstructions from public roads and from enforcing the same by due process of law.

Chapter 6 of title 3 of the Code of Criminal Procedure is entitled: "Of the Suppression of Obstructions of Public Highways." So far as relevant, said chapter is as follows:

"Art. 154. Whenever any road, bridge, or the crossing of any stream is made, by the proper authority, a public highway, no person shall place an obstruction across such highway, or in any manner prevent the free use of the same by the public, except when expressly authorized by law.

"Art. 155. After indictment or information presented against any person for violating the preceding article, any one, in behalf of the public, may apply to the county judge of the county in which such highway is situated; and, upon hearing proof, such judge, either in term time or in vacation, may issue his written order to the sheriff or other proper officer of the county, directing him to remove the obstruction; but, before the issuance of such order, the applicant therefor shall give bond with security in an amount to be fixed by the judge, to indemnify the accused, in case of his acquittal, for the loss he sustains. Such bond shall be approved by the county judge and filed among the papers in the cause.

"Art. 156. If the defendant in such indictment or information be acquitted after a trial upon the merits of the case, he may maintain a civil action against the applicant and his sureties upon such bond, and may recover the full amount of the bond, or such damages, less than the full amount thereof, as may be assessed by a jury; provided, he shows on the trial that the place was not in fact, at the time he placed the obstruction or impediment thereupon, a public highway established by proper authority, but was in fact his own property or in his lawful possession. * * *

"Art. 158. Upon the conviction of a defendant for obstructing the free use of any public highway, if such obstruction still exists, the court shall order the sheriff or other proper of-

ficer to forthwith remove the same at the costs of the defendant, which costs shall be taxed and collected as other costs in the case."

The Legislature doubtless considered such statutes sufficient to secure the public in the use and enjoyment of the public highways of this state. The right to enforce removal of obstructions from public roads and highways by due process of law authorizes the commissioners' court to invoke the entire injunctive power of the district court, both mandatory and prohibitive, to effect such purpose. The ex parte order entered by the commissioners' court in this case, directing the sheriff to enter upon said premises, remove relator's improvements, and open the same for travel, was beyond the jurisdiction and power of said court, and did not constitute due process of law. Neither did such order confer lawful authority upon the sheriff to do the things which he was directed by the terms thereof to do. Such action on the part of the sheriff or any other person acting solely by virtue of the supposed authority of such order would constitute an unlawful trespass upon such property, and such a trespass as would necessarily inflict material injury.

The right of respondents constituting the commissioners' court to sue out proper process on said judgment and place the same in the hands of the sheriff, or other peace officer, and cause him to execute the same according to the terms thereof, is not involved in this case. The only issue here involved is the right of the commissioners' court by summary order or action to enter upon premises in the possession of relator, seize possession of same, tear down his fences and improvements, and appropriate said premises, or a part thereof, to the use of the public as a highway. We hold that no such right has been conferred on said court by the Constitution and laws of this state, and that it does not possess such right.

Respondent Leslie Stegall, sheriff of McLennan county, is enjoined from executing the order of the commissioners' court hereinbefore discussed, and respondents from forcible interference with the relator's possession of the premises in question (except under process from a court of competent jurisdiction) until such appeal is heard and determined, or until otherwise ordered by this court. This injunction shall become effective on relator's giving bond therefor, to be approved by the clerk, in the penal sum of $1,000. All other or further restraint imposed by order heretofore granted is here terminated. Nothing herein shall be construed to restrain respondents from suing out process on said judgment of the district court so appealed from, or from executing or .causing the same to be executed according to law.

BARCUS, J., not sitting.