# APRIL, 1930

W. .E. FENIMORE, TEMPORARY ADMINISTRATOR v. MRS. HENRIE M. YOUNGS AND R. B. MINOR, DISTRICT JUDGE.

No. 5548. Decided April 9, 1930.
(26 S. W., 2d Series, 195.)

*E. P. Lipscomb,* for relator, Fenimore.

ON MOTION FOR REHEARING.

A district judge will take judicial cognizance of orders entered by himself, in his own court, during the period of a few months prior to this litigation (as here of his order appointing Fenimore temporary administrator and authorizing him to bring such suit).

A district judge has no discretion to refuse to enter a default judgment (Rev. Stats., Art. 2154).

Mr. Judge CRITZ delivered the opinion of the Commission of Appeals, Section A.

This is an original mandamus proceeding filed in the Supreme Court by W. E. Fenimore, designated as Temporary Administrator of the Estate of Ross Youngs, deceased. It is companion to and somewhat related to Cause No. 5483, Mrs. Ross M. Youngs v. Mrs. Henrie M. Youngs, this day decided by this section of the Commission.

The record before us shows that on October 29, 1927, there was filed in the district court of Bexar County, Texas, a suit styled Mrs. Ross M. Youngs v. Mrs. Henrie M. Youngs, No. B–48,473, being the same suit mentioned above as pending in the Supreme Court in Cause No. 5483. In that suit Mrs. Ross Youngs in her own behalf, and as next friend of her child, Carolyn Frances Youngs, sought to recover from Mrs. Henrie M. Youngs certain real estate and personal property alleged to have been conveyed to the defendant, Mrs. Henrie M. Youngs by Ross Youngs, the deceased husband and father, respectively, of the plaintiffs, during his lifetime. The peti-

tion in that case seeks to cancel and annul a deed from the said Ross M. Youngs, made during his lifetime, to the defendant, and to recover for the plaintiffs, in their own right and name, the title and possession of the land which is located in Bexar County, Texas. Also the petition seeks, among other things, to recover $5000.00 rent on said land.

On January 15, 1929, the original suit above referred to, came on for trial in the district court and that court sustained a general demurrer thereto. The plaintiffs refused to amend and the suit was dismissed. Mrs. Ross Youngs and her child appealed to the Court of Civil Appeals for the Fourth district at San Antonio, which court affirmed the judgment of the district court. 16 S. W., (2d) 426. That suit is now pending on writ of error in the Supreme Court. The Court of Civil Appeals and the district court both held the petition in the original suit subject to general demurrer on the theory that it failed to affirmatively allege that no administration was pending on the estate of deceased and none necessary. We here refer to the opinion of this section of the Commission in the above suit for further particulars of the same. We here state that we have recommended its affirmance.

The record in this case shows that on June 29, 1929, after the district court had sustained the general demurrer in the original suit, and while that case was pending on appeal W. E. Fenimore, alleging himself to be temporary administrator of the estate of Ross Youngs, deceased, filed a suit, No. B–55,501 against Mrs. Henrie M. Youngs, in which the temporary administrator, as such, sought to recover from Mrs. Henrie M. Youngs the identical real property involved in the former suit and also sought to recover the sum of $5000.00 rent thereon.

In the second suit citation was served upon the defendant, Mrs. Henrie M. Youngs, in due time for the October, 1929, term of the district court.

On, or soon after the appearance day of said term, counsel for the administrator, W. E. Fenimore, applied to the district court for a judgment by default in the second suit, no answer having been filed therein by Mrs. Henrie M. Youngs, and no attorney having appeared therein for her.

The district court regarding the second suit as involving substantially the same subject matter and parties as the original suit, inquired of counsel for the administrator whether counsel for Mrs. Henrie M. Youngs, in the original suit, had been notified of the filing of the second suit, and was thereupon informed by counsel for the

administrator that counsel for the defendant in the former suit had not been notified. Thereupon the court refused to enter the default judgment and this mandamus followed to compel the entry thereof.

The leading counsel for Mrs. Henrie M. Youngs in the original suit resided in another county at the time of the request for a default judgment in the second suit, and at said time two of the leading local counsel of the defendant were dead and one of those but recently.

The trial court states in its answer the following reasons for refusing to grant said default judgment.

"The second suit being, in the opinion of this Court substantially identical with the original one, both as to subject matter and parties, this Court concluded that to enter the default judgment as requested would be an interference with the jurisdiction of the Supreme Court in the original case, if not indeed an act without jurisdiction by this Court, at least until the final disposition of the original suit.

"Also, in view of the fact that the defendant Mrs. Henrie M. Youngs when served with citation in the second suit would naturally regard said citation as relating to the former suit already under the care of her attorneys, and as requiring no further personal attention on her part, and in consideration of all the circumstances stated, this Court considered and concluded that to render a judgment by default in the second suit without notice to the attorneys of the defendant Mrs. Henrie M. Youngs in the original suit, would be to permit an unfair advantage to be taken of said defendant and her said attorneys.

"For the reasons stated this Court refused to enter the default judgment requested, or to take any action in the second case without notice to the defendant's attorneys in the original suit.

"Respondent further says that since the filing of this mandamus suit, the defendant Mrs. Henrie M. Youngs has filed an answer in this case."

The record does not show when the answer was filed or what it contains. Furthermore there is no showing in the record as to whether Mrs. Henrie M. Youngs ever employed any of her former attorneys to defend this suit. It is merely shown that she was duly served, and has filed an answer of some kind since the district court refused to enter default judgment.

An examination of the petition in the second suit shows that W. E. Fenimore, designating himself as, "Temporary Administrator of the Estate of Ross Youngs, deceased," complains against Mrs. Henrie M. Youngs. There is no allegation in the petition

showing where, when or by what court he was appointed, or what powers were conferred upon him; nor is it shown that the court appointing him authorized the bringing of the suit in which he attempted to take a default judgment.

Article 3373, R. C. S. of Texas, 1925, authorizes the appointment of a temporary administrator with such limited powers as the circumstances of the case may require. Article 3374, provides that the order of appointment shall define the powers conferred. Clearly, under these two articles a temporary administrator only has such limited powers as the court appointing him may by order define, and the mere allegation that Fenimore is the Temporary Administrator of the Estate of Ross Youngs, deceased, does not state any authority on his part to bring the suit, and the district court did not abuse his discretion in refusing a default judgment on such petition. Willis v. Pinkard, 52 S. W., 626.

We pretermit any discussion as to validity of the reasons given by the trial court for refusing the default judgment.

We recommend that the mandamus prayed for herein be refused.

The opinion of the Commission of Appeals is adopted, and mandamus refused.

<em>C. M. Cureton,</em> Chief Justice.