## ASH et al. v. BARNSDALL OIL CO.
### No. 9662.

Circuit Court of Appeals, Fifth Circuit.

March 3, 1941.

As Modified on Denial of Rehearing March 29, 1941.

700

Pritchett Harvey and A. F. Sunder-meyer, both of Houston, Tex., and J. B. Lewright and Grady Barrett, both of San Antonio, Tex., for appellants.

Felix A. Raymer, E. E. Townes, R. E. Seagler, W. J. Howard, and W. Noble Carl, all of Houston, Tex., David B. Trammell, of Fort Worth, Tex., and B. D. Tarlton, of Corpus Christi, Tex., for appellees.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is a suit to recover a two-thirds interest in certain real estate in Nueces County, Texas, and for an accounting and recovery for the value of oil taken therefrom. Our decision turns upon the validity of an administrator's deed which was executed on March 1, 1860. It is admitted that, if the deed is good and conveyed title to the land, the judgment of the court below should be affirmed.

The land belonged to John Peter Schatzell, who died October 23, 1854. On November 4, 1854, three men were appointed permanent administrators of the estate. In July, 1855, James W. Zacharie applied to probate what purported to be a holographic will left by Schatzell. The application was contested by the heirs, but the will was probated on January 5, 1856. Samuel W. Fullerton, Zacharie's attorney in fact, was appointed administrator pro tempore pending the contest, the other administrators having been suspended. When no appeal from the order probating the will had been filed within the statutory time therefor, Fullerton was appointed and duly qualified as administrator cum testamento annexo. On March 1, 1856, certiorari proceedings were filed in the District Court of Nueces County seeking a review of the order of the probate court which overruled the contest upon and probated the will. Two years later this proceeding was removed to another county, and ten years later it was dismissed.

On April 26, 1856, in view of the certiorari proceedings, Fullerton was reappointed administrator pro tempore during the pendency of the contest, and he was ordered and empowered to do whatever might be necessary to preserve the estate from loss and waste. By successive orders of the probate court, Fullerton's powers and duties were extended and increased. On October 31, 1859, he applied to the court for authority to sell some of the land of the estate to pay expenses of administration and debts, stating the necessity for the order. The sale was authorized by the court on November 2, 1859, and was completed by the delivery to Robert Mott of the administrator's deed dated March 1, 1860. The court approved the sale, and a note for $3100 was taken in payment.

The judge of the probate court owed $600 to the estate at the time he appointed Fullerton administrator pro tempore. The court file of the administration proceedings contained no record of the payment of the $3,100 owed for the purchase of the land; the third report dealing therewith noted that it had been placed with attorneys for collection and was reported to have been paid, although nothing had been turned over to the administrator. This adminis-

trator's deed is the common source of title for all of these appellees.

Appellants attack the validity of the deed upon four principal grounds. They deny the power and the authority of Fullerton, as an administrator pro tem under the Texas law, to execute a valid deed to estate property. They claim that the debt owed by the probate judge disqualified him from acting in the case, and nullified all proceedings in which he was concerned; that, during the pendency of the certiorari proceedings, the probate court was powerless to make a valid sale; and that the purchase-money note was never paid.

■ The probate judge was the debtor of the estate, not its creditor. No administrative proceedings were had which could or did affect his interest in any way. His debt was for a sum certain, and his participation did not result in an increase or diminution of the obligation, nor defer or mitigate the burden of payment. His debtor relationship did not disqualify the judge from acting in the case.[1]

■ Fullerton had the power and authority to make a valid conveyance of said realty. The only qualification imposed by the statutes of Texas upon the powers of an administrator pro tem limits him to such powers as "the circumstances of the case may require."[2] Fullerton's petition to the court for authority to sell the real estate set up the propriety and necessity therefor. This satisfied the requirements of the statute conditioning the existence of the power, and the authority was vested in Fullerton by the order of the court directing that the sale be made. We are not convinced by the argument that the powers of a temporary administrator must be fixed by the order of appointment, and cannot be increased, changed, or diminished thereafter. The range of duties which the developing exigencies of a particular case may require a temporary administrator to perform can rarely be accurately foreseen at the time of his appointment. No such limitation is imposed by reason, and none is indicated by the language of the Texas statutes of 1848 in force at the time.

■ There is nothing contrary to this in the Texas decisions relied upon by appellants. Those decisions[3] hold that the statute under which temporary administrators are appointed must be strictly construed, and that the powers of a temporary administrator shall not be extended beyond those clearly intended to be conferred by the court appointing them. We find no case forbidding the judge to increase the powers conferred by an order subsequent to the original appointment; indeed, such a holding would avail nothing so long as the court has original jurisdiction to confer the power,[4] for there is nothing to prevent the resignation and reappointment of the same administrator with added powers.

■ The certiorari proceedings were pending in court for approximately ten years; it was within this time that the land was sold. Whether or not the probate court had jurisdiction to authorize the sale of the land during this time depends upon the effect given to certiorari proceedings by Texas law. The precise question is whether or not a certiorari proceeding, which did not remove the entire probate cause to the higher court, effected a suspension of the power of the probate court to sell property of the estate, and rendered void any sale so made. Serious questions are raised as to whether the ultimate dismissal of this certiorari proceeding reinstated the probate of the will or left the parties out of court, and whether the bond given effected a proper supersedeas to stay probate proceedings. As to these, we make no decision, as we think the certiorari, even with supersedeas, did not oust or suspend the jurisdiction of the probate court to proceed with the administration of matters with reference to which no appeal was taken. Unless this be true,

[1] City of Oak Cliff v. State, 97 Tex. 391, 79 S.W. 1068; Hubbard v. Hamilton County, 113 Tex. 547, 261 S.W. 990; Elliott v. Scott, 119 Tex. 94, 25 S.W.2d 150; Ferguson v. Chapman, Tex.Civ. App., 94 S.W.2d 593.

[2] Act of March 20, 1848, Sec. 28, Art. 1137, Hartley's Laws of Texas (See Vernon's Ann.Civ.St. arts. 3373, 3378).

[3] Dull v. Drake, 68 Tex. 205, 4 S.W. 364; Germania Life Ins. Co. v. Peetz, Tex.Civ.App., 47 S.W. 687; William J. Lemp Brewing Co. v. La Rose, 20 Tex. Civ.App. 575, 50 S.W. 460; P. J. Willis & Bro. v. Pinkard, 21 Tex.Civ.App. 423, 52 S.W. 626; Dodge v. Youngblood, Tex. Com.App., 245 S.W. 225; Fenimore v. Youngs, 119 Tex. 159, 26 S.W.2d 195; Weadock v. State, 118 Tex.Cr.R. 537, 36 S.W.2d 757.

[4] Art. 1163, Hartley's Laws of Texas (See Vernon's Ann.Civ.St. arts. 3373, 3378, 3379); Casseday v. Norris, 49 Tex. 613; Callahan v. Houston, 78 Tex. 494, 14 S.W. 1027; Wilkin v. Simmons, Tex. Civ.App., 151 S.W. 1145.

the Texas statute providing for the appointment of a temporary administrator pending a will contest would serve no purpose; the powers granted could not be exercised until such time as a permanent administrator could be appointed.

■ This certiorari proceeding was pending for almost ten years. If the probate court had exercised no administrative powers, the assets in its hands might have suffered drastic depreciation. If the probate court lacks power to manage, exchange, and administer, in the words of the statute, "as the circumstances may require," clearly the Texas probate jurisdiction leaves much to be desired. If the probate court is to perform any administrative functions pending a contest, it can act only through a temporary administrator. A statute should not be construed to serve no useful purpose when it lends itself to a reasonable construction which supplies an important and necessary procedural want. The order of sale is not subject to collateral attack. [5]

We have considered the remaining errors complained of, and find nothing which alters our opinion. The judgment of the district court is affirmed.

On Motions for Rehearing.

PER CURIAM.

The motions for rehearings are denied.

SIBLEY, Circuit Judge (concurring).

I concur in overruling the motions for rehearing, but wish to add a word of explanation on two points stressed therein.

We have not held that the administrator pro tem. pending the contest over the will was or could be authorized to dispose of the estate before its owners were ascertained. Fullerton was first qualified as administrator with the will annexed, and then on contest of the will was reduced to administrator pro tem. Three and a half years later the creditors of the estate were suing, and there was no law to stop them. They were entitled to be paid whether there was or was not a valid will. In Texas, land was assets to pay debts equally with personalty. The administrator presented the situation to the probate court and asked leave to sell part of the land so as to preserve the rest of it. The court, thinking "the circumstances of the case required" it, granted the leave. This was not a disposition of the estate, but a measure to preserve it from dissipation. The statute of 1848 permitted it.

It is argued that the administrator's deed did not pass title in Texas because a mortgage was taken for the purchase price and never paid. The administration record shows that the court directed the employment of an attorney to enforce collection. The administrator's returns may be understood as meaning that payment was made to the attorney, but that he did not pay the administrator. Neither Fullerton nor his successor administrator pursued the land or claimed it back for the estate. After twenty years the presumption of payment raised by the common law, which was made the law of Texas in 1840, came into operation. We cannot say after eighty years that the purchaser did not pay. The administrator's deed stands good.

5 14 Texas Jurisprudence, Decedent Estates, § 429; Gillenwaters v. Scott, 62 Tex. 670; Weems v. Masterson, 80 Tex. 45, 15 S.W. 590; McManus v. Orkney, 91 Tex. 27, 40 S.W. 715; Taffinder v. Merrill, 95 Tex. 95, 65 S.W. 177, 93 Am. St.Rep. 814; Wilkin v. Simmons, supra; Reeves v. Fuqua, Tex.Civ.App., 277 S.W. 418.