Toby AARONSON, Administratrix,
Appellant,

v.

George SILVER et al., Appellees.

No. 10492.

Court of Civil Appeals of Texas.

Austin.

June 26, 1957.

Rehearing Denied July 17, 1957.

Ronald Smallwood, San Antonio, Warren W. Bennett, New Braunfels, for appellant.

Forrest A. Bennett, San Antonio, Edward Badouh, H. A. Triesch, of New Braunfels, for appellee.

HUGHES, Justice.

■ Appellees' motion to dismiss this appeal must be sustained. The basis of the motion is the absence of an appeal bond, deposit or affidavit as required by Rules 354, 355, Texas Rules of Civil Procedure. Timely compliance, when required, with these rules is mandatory and jurisdictional. Glidden Co. v. Aetna Cas. & Sur. Co., Tex., 291 S.W.2d 315.

Appellant has not replied, in writing, to the motion to dismiss the appeal but on oral argument suggested that she was not required to give security for costs on appeal since she appealed in her capacity of Temporary Administratrix of the Estate of Henry Silver, deceased.

Art. 2276, Vernon's Ann.Civ.St., does provide that administrators appointed by the courts shall not be required to give bond on any appeal taken by them in their fiduciary capacity.

■ It is our opinion, however, that appellant, in her fiduciary capacity, has no right to prosecute this appeal for these reasons: (1) Such authority has not been granted her by the probate court (2) as administratrix she has no justiciable interest in probate of decedent's will and (3) an administratrix, as such, is not authorized by statute to seek the probate of a will.

This record shows:

Toby Aaronson filed an application in the Probate Court of Comal County to probate the will of Henry Silver which, in part, alleged:

"Comes now the applicant, Toby Aaronson, heretofore appointed and qualified herein as Temporary Administratrix of the Estate of Henry Silver, Deceased, * * * Your applicant, whose name and residence is as hereinabove alleged, is named as Independent Executrix in said will."

A contest of this application was filed by Louis L. Silver, Lillian Silver Shefman and husband Ben Shefman, and George Silver, appellees herein.

The application to probate the will of Henry Silver was denied by the Probate Court and an appeal was taken to the District Court of Comal County where a jury trial ensued. Judgment based on the jury's verdict was rendered denying the application to probate the will.

An amended motion for new trial was filed by "Toby Aaronson, individually and as Temporary Administratrix of the Estate of Henry Silver, deceased," joined by Morris Aaronson, husband of Toby Aaronson.

This motion was overruled and notice of appeal was given by those filing the motion as above indicated.

No appeal bond or anything in lieu of an appeal bond appears in the record.

The County Judge shall when the interest of a decedent's estate requires " * * * by written order, appoint a suitable temporary representative [administrator], with such limited powers as the circumstances of the case require. * * * " Probate Code, Sec. 131(a), V.A.T.S. Sec. 133 of the Probate Code provides that "Temporary administrators shall have and exercise only such rights and powers as are specifically ex-

pressed in the order of the court appointing them, and as may be expressed in subsequent orders of the court." If the appointment be made pending the contest of a will it shall end with the termination of the contest and the appointment of an executor or administrator with full powers. Probate Code, Sec. 132(a).

It has been held under former but similar statutes (Arts. 3373, 3374, R.C.S., 1925) that temporary administrators may not institute a suit without an order of the court appointing him. Fenimore v. Youngs, 119 Tex. 159, 26 S.W.2d 195.

It follows that since there is exhibited no order of the Probate Court authorizing the temporary administrator of the Estate of Henry Silver to seek probate of his will her attempt to do so is of no avail.

A temporary administrator, as such, is not one of those named by statute as having the right to seek probate of a will.

Sec. 76 of the Probate Code provides that "An executor named in a will[1] or any interested person" may apply for an order admitting a will to probate and Sec. 3(r) of such Code defines "interested persons" as meaning " * * * heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered. * * *"

■ An administratrix, as such, does not come within any class of persons named or described in the foregoing statutes.

■■ If a temporary administratrix has any interest in the probate of a decedent's will it would seem to be adverse to such probate since the temporary administration terminates with the probate of the will. Sec. 132(a) supra. Our opinion is, however, that a temporary administratrix, as such, has no justiciable interest in either

admitting or denying probate to a will. Neither the probate nor the denial of probate of the will could in any legal sense affect her. She could not possibly be aggrieved by the decision of the court in the will case. It is true that her administration might end with the probate of the will but this is in accordance with the statutes under which she was appointed. She is a creature of the statute with only such rights and duties as emanate therefrom. These do not include seeking or objecting to the probate of her decedent's will.

In Moore v. Stark, 118 Tex. 565, 17 S.W. 2d 1037 at page 1041, 21 S.W.2d 296, at page 297, the court said:

"It is contrary to the policy of the state to permit the machinery of its courts to be set in motion at the instance of one who can in no event be profited thereby. Courts do not sit to decide mere abstract questions of law, but to redress grievances and prevent wrongs. Whatever the jurisdiction of a court, that court has no power to exercise such jurisdiction until its power is invoked by one having an interest in the subject-matter. * * * This means more than a mere popular interest. It means a legal interest in the subject-matter, one cognizable by the courts."

Lacking this interest appellant is not entitled to maintain this appeal and it should be and is dismissed. Pioneer American Ins. Co. v. Knox, Tex.Civ.App., Austin, 199 S. W.2d 711, writ ref.

Appeal dismissed.

### On Motion for Rehearing

We quote from appellant's motion:

"If appellant had no authority in the first instance to apply for the probate

---

[1]. Toby Aaronson was named executrix in the will but since the will was not probated she never became executrix and entitled to appeal as such. Cox v. Paschal, Tex.Civ.App. Fort Worth, 54 S.W.

774; Warne v. Jackson, Tex.Civ.App. San Antonio, 230 S.W. 242. See Stephenson v. Manire, Tex.Civ.App. Austin, 93 S.W.2d 559, writ ref.

of the will as she did, in her capacity as temporary administratrix, then her application was insufficient to invoke the jurisdiction of the county court to deny the probate thereof, and the district court would have no jurisdiction on appeal to deny such probate. Both judgments would simply be nullities if her application was without authority in the first instance. If this court persists in its conclusion that she was without such authority then the proper judgment here would be to reverse the judgment of the district court, with instructions to dismiss the appeal from the county court and to instruct the county court to dismiss appellant's application in that court. This court cannot consistently dismiss this appeal for want of jurisdiction and still leave in force and effect judgments of the two trial courts which would likewise be without jurisdiction if appellant exceeded her authority in attempting to probate the will. She did so only in her official capacity."

■ Without stopping to consider our authority to set aside the judgments of two courts, District and County, in a proceeding (an abortive appeal) in which our jurisdiction has not been invoked we call attention to the application filed in the County Court to probate the will of Henry Silver. It was filed by "Toby Aaronson" named in the will both as executor and as a beneficiary. She was entitled to seek probate of the will in each capacity. Secs. 76, 3(r), Probate Code. It would seem, therefore, that appellant's contention that the jurisdiction of the Probate Court was not invoked by the application to probate the will is not well founded.

Since both the Probate and District Courts denied the application it would be idle to examine the validity of the appeal from the Probate to the District Court.

The motion is overruled.

Motion overruled.